UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD WHITE,

        Plaintiff,                    Case No. 2:11-cv-37

v.                                         Honorable Gordon J. Quist

J. DECLAIRE, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Richard White filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants J. DeClaire, K. Truesdell, T. Tollefson, Etelamaki, Hill, and Comford. Plaintiff has filed requests for a temporary restraining order and preliminary injunction, alleging that in November of 2010, he was assaulted by members of the Emergency Response Team (ERT). Plaintiff also claims that ERT members threw away his bed rolls, towels and wash cloths.

        I have reviewed Plaintiff's requests for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

        The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

        1.     Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

  2.  Whether the movant has shown irreparable injury.

  3.  Whether the preliminary injunction could harm third parties.

  4.  Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

  Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

  Plaintiff alleges that ERT members assaulted him and threw away his wash cloths, towels and bed roll in November of 2010. However, Plaintiff fails to allege that the named Defendants were involved in this incident. Nor do the allegations in his motions have any relation to the allegations in Plaintiff's complaint. *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit.") A temporary restraining order is not an appropriate remedy.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motions for a temporary restraining order and preliminary injunction (docket #9 and #10) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
       TIMOTHY P. GREELEY
       UNITED STATES MAGISTRATE JUDGE

Dated:   August 2, 2011